UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-24522-KMW

SANRIO, INC.,

Plaintiff,

vs.

BLING JEWELRY, INC., INTERNET
JEWELRY OF FLORIDA, INC. AND
ELENA CASTANEDA,

Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, BLING JEWELRY, INC., INTERNET JEWELRY OF FLORIDA, INC. and ELENA CASTANEDA (hereinafter "Defendants"), by and through its undersigned attorneys, hereby submit their Answer to the "Complaint" [DE 1] filed by Plaintiff SANRIO, INC. (hereinafter "Plaintiff"), as follows:

### INTRODUCTION

1.     Defendants admit that the Complaint purports to state a cause of action for infringement of alleged copyrighted properties and trademarks of Plaintiff. Defendants deny the remaining allegations of Paragraph 1 of the Complaint.

2.     Defendants admit that the Complaint purports to seek a permanent injunction, damages, costs, and attorneys' fees for the alleged infringement of Plaintiff's purported intellectual property. Defendants deny the remaining allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Defendants admit the claims alleged in the Complaint purport to arise under the laws of the United States, including the Copyright Act of 1976, 17 U.S.C. § 101 et. seq. (the "Copyright Act") and the Federal Trademark Act, 15 U.S.C. § 1051 et. seq. (the "Lanham Act"). Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4.     Defendants admit that venue is proper in the Southern District of Florida and that this Court has personal jurisdiction over the Defendants. Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

## THE PARTIES

### Plaintiff

5.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, deny same.

   A.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5A of the Complaint and, therefore, deny same.

   B.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5B of the Complaint and, therefore, deny same.

   C.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5C of the Complaint and, therefore, deny same.

D. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5D of the Complaint and, therefore, deny same.

E. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5E of the Complaint and, therefore, deny same.

F. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5F of the Complaint and, therefore, deny same.

G. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5G of the Complaint and, therefore, deny same.

H. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5H of the Complaint and, therefore, deny same.

I. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 5I of the Complaint and, therefore, deny same.

**Defendants**

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit that Elena Castaneda resides in New York and is the President of Bling and IJF. Defendants deny the remaining the allegations set forth in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint sets forth a definition for convenience for which no response necessary.

**INFRINGING CONDUCT**

10.     Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants admit Bling Jewelry received a letter from Plaintiff dated September 26, 2017 substantially as set forth in Exhibit K, which exhibit speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants admit Bling Jewelry received a letter from Plaintiff dated October 12, 2017 substantially as set forth in Exhibit L, which exhibit speaks for itself.  Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

**COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

20.     Defendants incorporate their responses to Paragraph 1 through 19 above as though fully restated herein.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

### COUNT II - TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. §§1114; 1116)

27. Defendants incorporate their responses to Paragraph 1 through 26 above as though fully restated herein.

28. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 28 of the Complaint and, therefore, deny same.

29. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 29 of the Complaint and, therefore, deny same.

30. Defendants deny the allegations set for in Paragraph 30 of the Complaint.

31. Defendants deny the allegations set for in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set for in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set for in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set for in Paragraph 34 of the Complaint.

35. Defendants deny the allegations set for in Paragraph 35 of the Complaint.

### COUNT III - UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125)

36. Defendants incorporate their responses to Paragraph 1 through 35 above as though fully restated herein.

37. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 37 of the Complaint and, therefore, deny same.

38. Defendants deny the allegations set for in Paragraph 38 of the Complaint

39. Defendants deny the allegations set for in Paragraph 39 of the Complaint

40. Defendants deny the allegations set for in Paragraph 40 of the Complaint

41. Defendants deny the allegations set for in Paragraph 41 of the Complaint

42. Defendants deny the allegations set for in Paragraph 42 of the Complaint

43. Defendants deny the allegations set for in Paragraph 43 of the Complaint

**PRAYER FOR RELIEF**

With respect to the "Prayer for Relief" set forth in the Complaint, Defendants deny that Plaintiff is entitled to any of the relief set forth in paragraphs 1-11 thereof, or any other relief of any kind.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff has unreasonably delayed in bringing its claims. Plaintiff has known or should have known of Defendants' alleged activities since at least as early as January 2014. Such unreasonable delay has caused Defendants substantial prejudice.

2. Plaintiff claims are barred, in whole or in part, by the statute of limitations. Plaintiff has known or should have known of Defendants' alleged activities since at least as early as January 2014. At a minimum, Plaintiff cannot recover damages under any copyright-related theory for sales occurring more than three-years prior to the filing of this lawsuit. See 17 U.S.C. §507(b)("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.")

3. Plaintiff's trademark and unfair competition claims are barred, in whole or in part, by abandonment and/or lack of commercial strength of the purported trademarks. Plaintiff has abandoned rights in its purported trademarks and/or such trademarks are commercially weak as a

result of naked licensing and/or lack of enforcement against third parties.  Upon information and belief, a substantial number of third parties offer for sale and sell products similar to those products allegedly sold by Defendants for which Plaintiff alleges are infringing.

4. Plaintiff's trademark and unfair competition claims are barred, in whole or in part, because Plaintiff lacks standing to sue.  Plaintiff is not the actual owner of the alleged copyrights and trademarks it seeks to enforce.

5. Plaintiff's trademark and unfair competition claims are barred, in whole or in part, because the alleged non-word trademarks comprise common and usual shapes and motifs which lack secondary meaning.  Plaintiff's trademarks are not inherently distinctive and have not become distinctive in that purchasers do not associate the mark with Plaintiff alone.

6. Plaintiff's trademark and unfair competition claims are barred, in whole or in part, because Defendants' alleged use of Plaintiff's purported trademarks does not constitute trademark use, but rather constitutes descriptive fair use.  Defendants' alleged use of Plaintiff's purported trademarks, including as a keyword search term, is merely a descriptive indication.

7. Plaintiff's trademark and unfair competition claims are barred, in whole or in part, because Defendants' alleged use of Plaintiff's purported trademarks constitutes nominative fair use.  Defendants' alleged use of Plaintiff's purported trademarks, including as a keyword search term, truthfully and accurately refers to Plaintiff and in no way suggests sponsorship, affiliation, or endorsement by or with Plaintiff.

8. Plaintiff's unfair competition claim, to the extent it purports to encompass Plaintiff's purported copyright works, is barred, in whole or in part, by the doctrine of copyright preemption.

9. Plaintiff's copyright claim is barred, in whole or in part, because that which was allegedly copied by Defendants does not comprise protectable expression.

10. Plaintiff's copyright claim is barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  The complaint fails to allege with specificity the precise copyrighted works believed to be infringed by Defendants.  Rather, Plaintiff has alleged only that Defendants have infringed a "representative sample" of such works.  Absent specific allegations of infringement of specific copyright works, and proof of pre-suit registration of such works, Plaintiff's claims fail to state a claim upon which relief can be granted.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Each of Counts II and III incorporate by reference the allegations contained in the preceding counts, as well as the entirety of the pre-count factual allegations contained the Complaint.  Specifically, Count II improperly incorporates Count I and Count III improperly incorporates by reference Counts I and II.  "Shotgun pleadings—in which each count incorporates all preceding paragraphs of the complaint, even though many of the facts alleged are irrelevant to the claim purportedly asserted—have been 'roundly, repeatedly, and consistently condemn[ed]' by the Eleventh Circuit." Gubanova v. Miami Beach Owner, LLC, No. 12-22319-CIV-ROSENBAUM/SELTZER, 2013 U.S. Dist. LEXIS 169593, at *17 (S.D. Fla. Dec. 2, 2013), citing  Davis v. Coca—Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir.2008).

Dated: March 29, 2018

          s/ Geoffrey Lottenberg
          Geoffrey Lottenberg (Florida Bar Number: 56240)
          Lewis Brisbois Bisgaard & Smith LLP
          110 SE 6th Street, Suite 2600
          Fort Lauderdale, Florida 33301
          Telephone: 954.728.1280
          Facsimile: 954.728.1282
          Email: Geoffrey.Lottenberg@lewisbrisbois.com
                 ftlemaildesig@lbbslaw.com

          Attorneys for Defendants Bling Jewelry, Inc., Internet Jewelry of Florida, Inc. and Elena Castaneda

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Service of Electronic Filing on this 29th day of March 2018, on all counsel of record on the below service list.

          s/ Geoffrey Lottenberg
          GEOFFREY LOTTENBERG, ESQ.

## SERVICE LIST

HOLIHAN LAW
Michael W.O Holihan
Florida Bar No.: 0782165
Kimberly A. Harchuck
Florida Bar No.: 0064852
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
Fax: (407) 660-0510
Michael.holihan@holihanlaw.com
Kimberly.harchuck@holihanlaw.com

Attorneys for Plaintiff Sanrio, Inc.